IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVON DWELDON BRAZIL,

    Petitioner,               No. CIV-S-04-1357 FCD KJM P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. section 2254.  Petitioner is currently serving a sentence of fifteen-years-to-life imprisonment for second degree murder, with a two-year enhancement under California Penal Code section 12022.5.  Petitioner was convicted in Los Angeles County in 1983. Petitioner challenges the execution of his sentence.

        Respondents have moved to dismiss asserting petitioner has failed to "state a cause of action."  Mot. to Dismiss (Mot.) at 8.  Rule 4 of the Rules Governing section 2254 cases allows a district court to dismiss a habeas petition where no claim for relief is stated.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

        Essentially, petitioner asserts that his Fourteenth Amendment rights have been violated by California Department of Corrections (CDC) officials due to the manner in which

they calculated the length of petitioner's sentence and their denial of CDC review of his claim that he has been "over-incarcerated." Pet. at 5-5B (claims 1 and 2). Petitioner claims he should already have been released from prison.

Petitioner was sentenced to an indeterminate sentence[1] under, among other statutes, California Penal Code sections 187, 190(a) and 1168(b). Under California Penal Code section 3040 the California Board of Prison Terms (BPT) has the power to decide whether those sentenced to indeterminate terms of imprisonment will be granted parole. Petitioner has been before the BPT on five different occasions for parole consideration and has been denied each time. Mot., Ex. B. This matter should be dismissed because petitioner fails to allege anything to indicate any action taken by CDC officials had any bearing on the BPT's decision to not grant petitioner parole.[2]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' October 28, 2004 motion to dismiss be granted; and

2. Petitioner's application for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

---

[1] Petitioner seems to believe that his sentence is really determinate. See, e.g., Opp'n at 9-10. But the record is clear that he was sentenced by the state trial court to a term of fifteen-years-to-life, plus an additional two years. Mot., Ex. A. Even after California's "Determinate Sentence Law" took effect in 1977, certain crimes have remained punishable by indeterminate sentences, and petitioner's term, "by its nature [is] an indeterminate term." See In re Dayan, 231 Cal. App. 3d 184, 187 (1st Dist. 1991).

[2] In his third claim, petitioner suggests that CDC officials failed to give petitioner sentence credit he has earned, which would have reduced his minimum total sentence of seventeen years imprisonment. Pet. at 6-6A. However, petitioner fails to present anything indicating that reducing petitioner's minimum eligibility date for release would now entitle him to release as petitioner has been incarcerated for well over seventeen years. In fact, page 50 of Exhibit A attached to petitioner's habeas application indicates that CDC calculated petitioner's minimum eligibility date for parole as July 23, 1992, and it was this date that triggered initiation of his BPT hearings.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED:  June 29, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
braz1357.157